UNITED STATES COURT OF APPEALS FOR
THE TENTH CIRCUIT

| | |
|---|---|
| COLORADO OUTFITTERS ASSOCIATION, *et al.*,<br><br>　Plaintiffs-Appellants,<br>v.<br><br>JOHN W. HICKENLOOPER, Governor of the State of Colorado,<br><br>　Defendant-Appellee, | No. 14-1290 |
| JIM BEICKER, Sheriff of Fremont County, *et al.*,<br><br>　Plaintiffs-Appellants,<br>v.<br><br>JOHN W. HICKENLOOPER, Governor of the State of Colorado,<br><br>　Defendant-Appellee. | No. 14-1292 |

**GOVERNOR'S MOTION TO STRIKE APPENDICES AND
ASSOCIATED ARGUMENTS IN REPLY BRIEFS**

Defendant-Appellee John W. Hickenlooper, in his official capacity as Governor of the State of Colorado, hereby moves to strike Exhibit 1 to the appellee's reply brief in Case No. 14-1290 ("FFLs' reply brief"), and the Appendix attached to the appellee's reply brief in Case No. 14-1292 ("Sheriffs' reply brief"), as well as the portions of the reply briefs that rely upon those documents. As grounds for this motion, Defendant states as follows:

    1.    *Conferral pursuant to 10th Cir. R. 27.3.* On June 11, 2015, undersigned counsel conferred with Peter Krumholz, counsel for Plaintiffs in Case No. 14-1290. Mr. Krumholz indicated that he was authorized to speak for Plaintiffs in both appeals, and that all Plaintiffs oppose this motion.

    2.    Both the Federal Rules of Appellate Procedure and the Tenth Circuit's local rules provide for the preparation and transmission of appendices containing the relevant portions of the record created in the district court. FRAP 30(a)(1); 10th Cir. Rule 30.1. While the parties are encouraged to agree upon and submit a single appellate appendix, "[a]n appellee who believes that the appellant's appendix omits items that should be included may file a supplemental appendix

with the answer brief." 10th Cir. Rule 30.2(A)(1). Aside from the appendices submitted with the parties' principal briefs, "[n]o other appendix may be filed except by order of the court." 10th Cir. Rule 30.2(B).

3. This rule ensures that each party will be able to present the relevant portions of the record to the Court, and will also have an opportunity to respond to any arguments based on evidence included in the record by the opposing party.

4. It is also consistent with the well-settled principle that documents not received into evidence by the district court will not be reviewed or considered on appeal, and thus may not be included in the appendix at any stage of the proceeding. *Aero-Medical v. United States*, 23 F.3d 328, 329 n.2 (10th Cir. 1994); *see also Smith & Wesson v. United States*, 782 F.2d 1074, 1084 (1st Cir. 1996) ("We are an appellate tribunal, not a *nisi prilus* court; evidentiary matters not first presented to the district court are, as the greenest of counsel should know, not properly before us.").

5. Here, Exhibit 1 to the FFLs' reply brief and the appendix to the Sheriffs' reply brief run counter to both of these principles. The

time for submitting and supplementing the appellate appendix is long since expired. And even more importantly, the attachments in question—not to mention the information and analyses that they contain—were never presented to the district court. Accordingly, they must be stricken.

6.　　The attachments in question, copies of which are appended to this motion, include a combined 56 pages of brand-new evidence. None of this documentation was either disclosed below or offered into evidence at the trial. Indeed, Plaintiffs admit that they conducted the analyses in question in the midst of appellate briefing. Yet, despite the fact that both attachments attempt to introduce evidence that was never offered below, and was thus never considered by the district court, both reply briefs expressly rely on it to urge reversal of the district court's ruling.

7.　　Exhibit 1 to the FFLs' reply brief in Case No. 14-1290 is a 38-page spreadsheet that purportedly reports data gathered from Gunbroker.com, which the FFLs assert is "the major national website on which FFLs advertise their services." Exh. 1, p.1. It was compiled based on listings reviewed from May 8 to 10, 2015, "photography on

Google Maps," and a search of business websites. *Id.* The exhibit is accompanied by embedded maps and a several pages of discussion in the FFLs' reply brief. *Id.*

8. The goal of the exhibit and the associated argument in the FFL reply brief is apparently to establish that FFLs willing to conduct background checks for private sales are, in contrast to the district court's factual findings, few and far between. It is questionable whether that point is even relevant to the outcome of Plaintiffs' constitutional challenge; nonetheless, if Plaintiffs deemed the question important, they were obligated to develop evidence to support it in the district court, when their methodology could be properly vetted and subjected to adversarial testing. They did not do so, and the time for developing the record has now passed.

9. The appendix to the Sheriffs' reply brief is perhaps even more problematic. It appears to be an effort to rehabilitate Plaintiffs' expert Gary Kleck, whose cross-examination revealed that the data set that he used for his analysis of mass shooting incidents was both faulty and grossly underinclusive. The appendix presents an entirely new expert statistical analysis—accompanied by a three-page glossary of

terms—not from Dr. Kleck, but from an undergraduate student and a professor at the College of William and Mary. Much of the data that it draws upon was not admitted as substantive evidence below. J.A. 967:15-968:2 (articles admitted for sole purpose of "challeng[ing] Dr. Kleck's opinions, the methodology, and the amounts of facts and data her relied upon. We're not offering them for the truth of the matter asserted…."). And of course, neither of the individuals who created this report was ever disclosed as an expert (or any other type of witness) below, nor was the statistical analysis presented to the district court.

10. In *West Coast Life Ins. v. Hoar*, 558 F.3d 1151, 1156-57 (10th Cir. 2009), this Court granted a motion to strike in circumstances similar to those here. In their reply brief, the *Hoar* defendants "for the first time offer[ed] statistical evidence regarding auto accident fatalities," and also for the first time "discussed the Colorado Ski Safety Act requirement that ski resort lift tickets warn of the risk of resort skiing as support for their argument that reasonable minds could differ on whether heli-skiing is a hazardous activity." *Id.* at 1156. The *Hoar* defendants urged the Court to take judicial notice of their statistical

evidence, and suggested that their newly raised theory was merely a response to arguments made by the plaintiffs in appellate briefing. *Id.*

11.  This Court struck both the new statistics and the defendant's new argument. First, *Hoar* pointed out that the defendants had offered "no explanation for why they did not seek to introduce the auto accident fatality statistics before the district court," and also noted that, as is the case here, "consideration of this evidence for the first time in Defendants' reply brief denies [plaintiff] the opportunity to contest or rebut the evidence." *Id.* at 1157, *citing Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000).

12.  In addition to striking the presentation of new statistics, the *Hoar* panel also struck the defendants' attempt to assert a new argument because "the evidence Defendants now seek to introduce … was never brought to the attention of the district court." *Hoar*, 558 F.3d at 1157.

13.  The grounds for granting the instant motion to strike are even more compelling than those in *Hoar*. Here, in contrast to *Hoar*, there can be no serious argument that the new statistical evidence could be judicially noticed. The completeness and accuracy of the

sources—a few commercial websites and newspaper articles—can certainly be reasonably questioned. *See* FRE 201(b)(2).

14.   Moreover, in contrast to *Hoar*, the new statistics are not presented as stand-alone evidence. The Sheriffs relied upon theirs to create an entirely new expert report with advanced statistical analysis. And while the FFLs' exhibit and accompanying argument is less complex, it too contains a substantial interpretive analysis that was never presented below.

15.   Accordingly, because Exhibit 1 to the FFL reply brief and the appendix to the Sheriffs' reply brief were not presented below, would be inappropriate for judicial notice, and are presented at a time and in a manner that precludes a substantive response from the Governor, they are prejudicial to the Appellee and should be stricken.

16.   The Governor respectfully requests that the Court enter an order striking Exhibit 1 to the FFL reply brief (Case No. 14-1290), along with the argument beginning at the first full paragraph of page 9 through and including the last full paragraph of page 11.

17.   Similarly, the Governor respectfully requests that the Court enter an order striking the appendix to the Sheriffs' reply brief (Case

No. 14-1292), along with the argument contained in the last full paragraph of page 31.

Respectfully submitted this 19th day of June, 2015.

>CYNTHIA H. COFFMAN
>Attorney General
>
>s/ *Matthew D. Grove*
>_____
>MATTHEW D. GROVE *
>Assistant Solicitor General
>KATHLEEN SPALDING*
>Senior Assistant Attorney General
>STEPHANIE LINDQUIST
>  SCOVILLE*
>Senior Assistant Attorney General
>LEEANN MORRILL*
>First Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2015, a true and correct copy of the foregoing **GOVERNOR'S MOTION TO STRIKE APPENDICES AND ASSOCIATED ARGUMENTS IN REPLY BRIEFS** was served via ECF on the following:

| | |
|---|---|
| David B. Kopel | david@i2i.org |
| | |
| Jonathan M. Anderson | jmanderson@hollandhart.com |
| Douglas L. Abbott | dabbot@hollandhart.com |
| | |
| Richard A. Westfall | rwestfall@halewestfall.com |
| Peter J. Krumholz | pkrumholz@halewestfall.com |
| | |
| Marc F. Colin | mcolin@brunolawyers.com |
| Jonathan Watson | jwatson@brunolawyers.com |
| | |
| Anthony J. Fabian | fabianlaw@qwestoffice.net |

*s/Matthew D. Grove*

CERTIFICATE OF COMPLIANCE AND DIGITAL SUBMISSION

No privacy redactions were necessary. Any additional hard copies required to be submitted are exact duplicates of this digital submission.

The digital submission has been scanned for viruses with the most recent version of a commercial virus scanning program, System Center Endpoint Protection, Antivirus definition 1.199.2954.0, Engine Version 1.1.11701.0, dated June 18, 2015, and according to the program is free of viruses.

s/ <u>*Matthew D. Grove*</u>

Dated: June 19, 2015