**CYNTHIA H. COFFMAN**
Attorney General

**DAVID C. BLAKE**
Chief Deputy Attorney General

**MELANIE J. SNYDER**
Chief of Staff

**FREDERICK R. YARGER**
Solicitor General



# STATE OF COLORADO
## DEPARTMENT OF LAW

**RALPH L. CARR**
**COLORADO JUDICIAL CENTER**
1300 Broadway, 10th Floor
Denver, Colorado 80203
Phone (720) 508-6000

Office of the Attorney General

September 24, 2015

Elisabeth A. Shumaker
Clerk, United States Court of Appeals for the Tenth Circuit
Byron White U.S. Courthouse
1823 Stout St.
Denver, CO 80257

RE:  Colorado Outfitters Association, *et al.*, v. John W. Hickenlooper
     Case No.: 14-1290

     Beicker, *et al.*, v. John W. Hickenlooper
     Case No.: 14-1292

Dear Ms. Shumaker:

Plaintiffs argue in favor of a strict scrutiny standard to the challenged statutes. Non-Profit Br. at 26–28.  In *Heller v. District of Columbia*, ___ F.3d ___, 2015 WL 5472555 (D.C. Cir. Sept. 18, 2015) (*Heller III*), a challenge to laws imposing various requirements on the registration of firearms, the court analyzed the statutes at issue using an intermediate scrutiny standard.  This approach is consistent with prior case law from both the D.C. Circuit and this Court.

In their most recent Rule 28(j) letter, Plaintiffs acknowledge that *Heller III* applied intermediate scrutiny, but suggest that the D.C. Circuit utilized the much more stringent version of that standard that they have urged this Court to adopt—one that requires the government to show that the challenged regulation advances its objectives in a "direct and material way."  *Heller III* echoed this language, but the court's analysis establishes that the burden associated with the "direct and material" standard is relatively light.  For example, the challenged fingerprinting and photographing requirements for firearms registrants "directly and materially" advanced public safety by preventing "*at least some* ineligible individuals from obtaining weapons." Slip Op. at 20 (emphasis added).

The Tenth Circuit has not adopted any "direct and material" requirement in the Second Amendment context, and need not do so here.  But if such a showing is

required at all, the standard has been met by the evidence presented to the district court at trial and cited in the district court's opinion.

      Plaintiffs also argue that *Heller III* applied a "narrow tailoring" requirement that prohibits the government from "burden[ing] substantially more…than necessary to further the government's legitimate interests." The court's application of this standard, however, does not deviate from D.C. Circuit precedent. Indeed, very similar language appears in *Heller v. District of Columbia*, 670 F.3d 1244, 1258 (D.C. Cir. 2011) (*Heller II*). And applying that standard in *Heller II*, the D.C. Circuit affirmed the constitutionality of the District's large-capacity magazine restriction.

Sincerely,

FOR THE ATTORNEY GENERAL

*s/ Kathleen Spalding*
KATHLEEN SPALDING, *
Senior Assistant Attorney General
Attorneys for Defendant-Appellee

Ralph L. Carr Colorado Judicial Center
1300 Broadway, 10th Floor
Denver, Colorado  80203
Telephone: 720 508-6634
*Counsel of Record
Email: kit.spalding@state.co.us

## **CERTIFICATE OF SERVICE**

This is to certify that I have duly served the within **September 24, 2015 Response to Plaintiff's Rule 28(j) Letter** upon all parties through ECF-file and serve or as indicated below at Denver, Colorado, this 24th day of September, 2015.

| | |
|---|---|
| David B. Kopel | david@i2i.org |
| Jonathan M. Anderson | jmanderson@hollandhart.com |
| Douglas L. Abbott | dabbot@hollandhart.com |
| Richard A. Westfall | rwestfall@halewestfall.com |
| Peter J. Krumholz | pkrumholz@halewestfall.com |
| Marc F. Colin | mcolin@brunolawyers.com |
| Jonathan Watson | jwatson@brunolawyers.com |
| Anthony J. Fabian | fabianlaw@qwestoffice.net |

s/ *Kathleen Spalding*
Kathleen Spalding