# THE LAW OFFICES
## OF
# DAVID A. HELMER, LLC

| | | |
|---|---|---|
| DAVID A. HELMER | 611 MAIN STREET | TELEPHONE (970) 668-0181 |
| ----------------------------- | P. O. BOX 868 | DENVER (303) 674-2118 |
| NATALIE J. FRENCH | FRISCO, CO 80443-0868 | FAX (970) 668-3294 |
| WM. ALEX MARSH | | |
| JOSEPH G. S. GREENLEE | | |

October 26, 2015

FILED VIA CM-ECF

Elisabeth A. Shumaker, Clerk
United States Court of Appeals for the Tenth Circuit
The Byron White U.S. Courthouse
1823 Stout Street
Denver, CO 80257

RE:   Colorado Outfitters Association, e*t al.*, v. John W. Hickenlooper: Case No.
      14-1290
      Jim Beicker, *et al.*, v. John W. Hickenlooper: Case No. 14-1292

Dear Ms. Shumaker:

Defendant argues that *New York State Rifle & Pistol Ass'n v. Cuomo*, No.
14--319--CV, 2015 WL 6118288 (2d Cir. Oct. 19, 2015) ("*NYSRPA*") supports
affirmance of the district court's holding. But the Second Circuit applied a weaker
intermediate scrutiny test than the Tenth Circuit's version. Unlike the Second
Circuit, the Tenth Circuit mandates consideration of less burdensome alternatives.
In *United States v. Reese*, this Court upheld the challenged law only after
determining that there was not "a severable subcategory of persons as to whom the
statute is unconstitutional." 627 F.3d 792, 803 (10th Cir. 2010). In *Bonidy v.
United States Postal Serv.*, this Court upheld the challenged law only after
determining that an "alternative system" would likely "be wasteful and
administratively unworkable, and would raise new problems…." 790 F.3d 1121,

1128 (10th Cir. 2015). As in previous Second Amendment cases in this Court, less burdensome alternatives must be considered in any intermediate scrutiny analysis.

*NYSRPA* also is unpersuasive because the court misapplied *City of Los Angeles v. Alameda Books, Inc.*, 535 U.S. 425 (2002). The Second Circuit quoted that decision to assert that "[s]o long as the defendants produce evidence that 'fairly support[s]' their rationale, the laws will pass constitutional muster." *NYSRPA* at *10. But that is only the first step of the three-step *Alameda Books* analysis, which requires consideration of the plaintiffs' evidence. 535 U.S. at 438-39.

Even under *NYSRPA*'s very weak variant of intermediate scrutiny, the court invalidated a prohibition on a particular type of pump-action rifle, the Remington-7615. *NYSRPA* at *16 nn.73 & 112. With respect to that rifle, the government had failed "to set forth the requisite 'substantial evidence'" because it concentrated exclusively on semi-automatic firearms and failed to present any evidence whatever regarding the pump-action Remington-7615. *Id.* Similarly, with respect to HB1229, Defendant in this case concentrated exclusively on private sales and failed to present evidence regarding private loans. Nonprofit Op. Br.14-15 & n.12, 31 n.24, 34-38; Nonprofit Reply Br.1-2, 17-18. *NYSRPA* confirms that a law cannot be upheld if no supporting evidence is presented.

Sincerely,

*/s/* Joseph G.S. Greenlee

cc:     Matthew Grove
        Jonathan Fero
        John T. Lee
        Molly Allen Moats
        Kathleen Spalding
        Stephanie Scoville
        LeeAnn Morrill
        David B. Kopel
        Peter Krumholz
        Richard Westfall

October 26, 2015
Page 3

Douglas Abbott
Marc F. Colin
Anthony J. Fabian