Hale | Westfall LLP
Attorneys at Law

Peter J. Krumholz | Attorney

office | 720.904.6010
direct | 720.904.6007
fax | 720.904.6020
pkrumholz@halewestfall.com
1600 Stout Street, Suite 500
Denver, Colorado 80202
www.halewestfall.com

December 8, 2015

Elisabeth A. Shumaker
Clerk of Court
United States Court of Appeals for the Tenth Circuit
The Byron White United States Courthouse
1823 Stout St.
Denver, CO 80257

  RE: Notice of Supplemental Authority in *Colorado Outfitters Ass'n v. Hickenlooper*, No. 14-1290, and *Beicker v. Hickenlooper*, No. 14-1292

Dear Ms. Shumaker:

  Pursuant to Rule 28(j), Appellants provide the following supplemental authority.

  In *State v. Herrmann*, 2015WL7432597 (Wis. App. Nov. 24, 2015), the Wisconsin Court of Appeals held that a switchblade ban violated a criminal defendant's Second Amendment right to arms for self-defense in his home. Because Wisconsin's state right to arms is co-extensive with the Second Amendment, the court applied *Heller* and its progeny.

  The *Herrmann* court elucidated important points that Appellants have made in this appeal. Concerning intermediate scrutiny, *Herrmann* affirms that "the government has the burden of demonstrating . . . that its objective is advanced by means substantially related to that objective." *Herrmann* at ¶11; *see, e.g.,* Non-Profits' Reply Br. at 3. Further, "the government must demonstrate ... 'that the regulation will in fact alleviate these harms in a direct and material way.'" *Id.* (quoting *Turner Broad. Sys. v. FCC*, 512 U.S. 622, 664 (1994)). Defendant has argued this standard does not apply in Second Amendment cases. Resp. Br. at 23-25.

  *Herrmann* held the switchblade ban – which, the court recognized, prohibited "an entire class of arms protected by the Second Amendment in [defendant's] own home for his protection" – was not "substantially related" to the State's objective of protecting the public from surprise knife attacks. "[T]he threat to the public of a surprise attack by a person possessing a switchblade in his or her own residence for the purpose of self-defense is negligible." *Id.*, ¶13. The court therefore struck the ban as applied to the defendant.

Elisabeth A. Shumaker
December 8, 2015
Page 2

      Like the ban in *Herrmann*, the magazine ban in this case prohibits "an entire class of arms" for self-defense in the home. While the purported objective of HB1224 is to reduce the lethality of mass shootings, the threat of such a crime by a person possessing a standard magazine at home for self-defense is negligible. Moreover, Defendant has failed to carry his burden to prove that HB1224 and HB1229 are "substantially related" to advancing any legitimate and important government interest in a "direct and material way." *See*, *e.g.*, Non-Profits' Reply Br. at 16-21; Sheriffs' Reply Br. at 27-35.

                Best Regards,

                s/Peter Krumholz
                Peter Krumholz

cc:    Matthew Grove
       Kathleen Spalding
       Stephanie Scoville
       LeeAnn Morrill
       David B. Kopel
       Joseph G.S. Greenlee
       Richard Westfall
       Douglas Abbott
       Marc F. Colin
       Anthony J. Fabian