**Hale | Westfall LLP**
Attorneys at Law

Peter J. Krumholz | Attorney

office | 720.904.6010
direct | 720.904.6007
fax | 720.904.6020
pkrumholz@halewestfall.com
1600 Stout Street, Suite 500
Denver, Colorado 80202
www.halewestfall.com

February 8, 2016

Elisabeth A. Shumaker
Clerk of Court
United States Court of Appeals for the Tenth Circuit
The Byron White United States Courthouse
1823 Stout St.
Denver, CO 80257

      RE:    Notice of Supplemental Authority in *Colorado Outfitters Ass'n v. Hickenlooper*, No. 14-1290, and *Beicker v. Hickenlooper*, No. 14-1292

Dear Ms. Shumaker:

    *Kolbe v. Hogan*, No. 14-1945, slip op. (4th Cir. Feb. 4, 2016) holds that strict scrutiny is required for a statute banning magazines holding more than 10 rounds, which the statute called "Large-Capacity Magazines" ("LCMs"). The panel determined that strict scrutiny applies, rejecting the watered-down intermediate scrutiny the district court had applied. The court remanded for the district court to apply strict scrutiny.

    *Kolbe* applied strict scrutiny because, *inter alia*, the prohibition "significantly burdens" rights of law-abiding citizens to possess arms "kept in the home." Slip op., 39. The court determined the ban "implicates the 'core' of the Second Amendment: 'the right of law-abiding, responsible citizens to use arms in defense of hearth and home.'" *Id.* (quoting *District of Columbia v. Heller*, 554 U.S. 570, 634 (2008)). "A citizen's ability to defend himself and his home is enhanced with an LCM." *Id.*; *see* Sheriffs' Op.Br., 23-29.

    The court rejected other appellate decisions that applied intermediate scrutiny to similar legislation, criticizing their analyses as "conclusory." Slip op., 43 (discussing *Fyock v. Sunnyvale*, 779 F.3d 991 (9th Cir. 2015) and *Heller v. District of Columbia* ("*Heller II*"), 670 F.3d 1244 (D.C. Cir. 2011)). *Kolbe* observed that the *Heller II* majority's assertion that banning some arms is permissible because other arms remain available plainly contradicts "the Supreme Court's logic and statements in *Heller*." Slip op., 43 (discussing *Heller II* at 332 and *Heller* at 629 ("It is no answer to say…that it is permissible to ban the possession of handguns so long as the possession of other firearms (i.e., long guns) is allowed.")). *See* Sheriffs' Op.Br., 30-32 (quoting *Heller* oral argument transcript).

Elisabeth A. Shumaker
February 8, 2016
Page 2

      The court also rejected the argument that LCM bans are constitutional because people rarely discharge more than 10 rounds defensively. "Second Amendment rights do not depend on how often…regulated magazines are ***actually*** used…. Actual use…is a poor measure of whether a particular firearm is 'typically possessed by law-abiding citizens' for self-defense, as it is unlikely most people will ever need to actually discharge a firearm in self-defense." Slip op., 26-27 (emphasis in original); *see also* Sheriffs' Op. Br. at 25.

      Best Regards,

      s/Peter Krumholz
      Peter Krumholz

cc:    Matthew Grove
       Kathleen Spalding
       Stephanie Scoville
       LeeAnn Morrill
       David B. Kopel
       Joseph G.S. Greenlee
       Richard Westfall
       Douglas Abbott
       Marc F. Colin
       Anthony J. Fabian